laid out. It is there called the "Cripplebush Road running to Newtown." As Bedford was between Brooklyn and Newtown, and Cripplebush between Bedford and Newtown, and there was only one highway from Brooklyn to Newtown, the identity of the road seems not to be open to dispute.

Judgment·for the plaintiff.

Judgment for plaintiff, with costs, in accordance with the terms of the submitted controversy. All concur.

---

## In re BOSTWICK.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

WILLS—LEGACIES—INTEREST.

An antenuptial contract provided that the wife should receive in lieu of dower rights the sum of $4,000 on the death of the husband, with interest from his death. On his death he left a will increasing the amount to $10,000, "as provided in said agreement." In another clause of the will testator bequeathed a sum of money to a niece with interest from his death. *Held*, that the wife was entitled to receive interest on the entire $10,000 from testator's death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1847–1872.]

Appeal from Surrogate's Court, Dutchess County.

Judicial proceedings on the final settlement of the accounts of William M. Bostwick, as executor of the will of Henry Bostwick, deceased. Emma F. Bostwick appeals from the decree. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Allison Butts, for appellant.

C. W. H. Arnold, for respondents.

HIRSCHBERG, P. J. The only question presented on this appeal is whether the appellant, the widow of the testator, is entitled to interest on the sum of $10,000 from the date of her husband's death. The learned surrogate has held that she is only entitled to interest on $4,000 of that sum from the date of the death of the deceased, and that the balance—that is, the sum of $6,000—is to be regarded as a general legacy, drawing interest only from a date one·year subsequent to the issuance of the letters testamentary.

The deceased and the appellant, then unmarried, entered into an antenuptial agreement in the year 1899; the deceased being named as party of the first part and the appellant as party of the second part. The agreement recites that the parties are about to be married, and that the party of the first part "is desirous of making a pecuniary provision for the use and benefit of the said Emma F. Davis, his intended wife, to be in lieu of dower, and also in lieu of all interest in his estate." The agreement then provides as follows:

"Now, therefore, the said party of the first part doth hereby agree to and with the said party of the second part that if the said marriage shall be had

and solemnized as aforesaid, that the said Emma F. Davis shall have paid to her, within six months after the death of the said party of the first part, by his executors, the sum of four thousand dollars, with interest from the date of the death of the said party of the first part, in case the said party of the second part survives the said party of the first part. And the party of the second part hereby assents to such pecuniary provision so made for her, and for that purpose joins in the execution of this agreement, and hereby covenants and agrees that she will accept the payment of such sum as aforesaid in full satisfaction of her dower in the lands of the said Henry Bostwick, and hereby further covenants, promises, and agrees to execute and deliver any release or releases of such dower rights to the heirs, devisees, or executors of the party of the first part, on demand, and does hereby further covenant, promise, and agree, in consideration of such sum to be paid as aforesaid, to make no claim of any nature against the estate of said party of the first part in case she survives him."

The parties were married soon after the execution of the antenuptial agreement. The husband died in the year 1904, leaving a will executed a month before his death, in which he made the folllowing provision for his wife:

"First. Whereas, I made an antenuptial agreement with my wife Emma F. Bostwick, by which I agreed to give her, and she agreed to accept, the sum of four thousand (4,000) dollars in full satisfaction of any claim she might have against my estate and in lieu of dower; and whereas, I have decided to increase the amount to be given her to ten thousand (10,000) dollars:

"Now, therefore, I direct my executor hereinafter named, to pay the said sum of four thousand dollars to my wife as provided in said agreement, and in addition thereto the further sum of six thousand (6,000) dollars, which sums aggregating ten thousand (10,000) dollars are to be accepted by my said wife in full satisfaction and in lieu of dower in my real estate, as agreed upon between us in said antenuptial agreement."

To me it seems quite clear that the intention of the testator was to give to his wife the interest on the whole sum of $10,000 from the date of his death. That the intention of the testator is the controlling canon of interpretation has been often decided. The effect of the provision in the will was, as stated by the deceased, to increase the amount provided for in the antenuptial agreement from the sum of $4,000 to the sum of $10,000. By the agreement it had been expressly provided that the money paid or to be paid under it should draw interest from the date of the death of the husband, and by the express terms of the provision of the will the additional amount is to be paid and accepted "as agreed upon between us in said antenuptial agreement."

The learned counsel for the respondents in his brief calls attention to the eighth clause of the will as indicative of the fact that the deceased knew how to create a legacy which would draw interest from his death. It is of some significance that in the eighth clause of the will he bequeaths the sum of $5,000 to a niece of his wife, the sum to be paid to her two years from his death, "with interest thereon from my death at the rate of 5 per cent." It seems to me that this is significant of the fact that he knew that a general legacy would not draw interest the first year after his death, and that, if he desired that his wife should not receive interest on the $6,000 during that period, all he had to do was to bequeath her that sum of money as a general legacy, saying nothing about the antenuptial agreement, but leaving that to be

enforced as it was.    While the question is not entirely free from doubt, it seems to me that the better and more consistent view to take is that the purpose of the testator by the testamentary provision was merely to increase the amount to be paid under the antenuptial contract, leaving all the other provisions of the contract to apply to the $10,000 the same as they would have applied to the $4,000, had that amount not been increased.

It follows that the supplemental decree should be modified, by providing for the payment to the appellant of interest on the $10,000 from the death of the deceased to the time of payment, and, as modified, affirmed, with costs to all parties payable out of the estate.    All concur.